HOLMES, J.,
concurring in the result.
I respectfully concur in the decision to deny Petitioner David Gregor a Certifícate of Appealability (“COA”). Specifically, I would hold that reasonable jurists could not debate the district court’s conclusion that the Oklahoma Court of Criminal Appeals (“OCCA”) did not unreasonably apply Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in rejecting Mr. Gregor’s claim of ineffective assistance of appellate counsel. However, I respectfully disagree with the reasoning of my esteemed colleague, Judge Kelly.
In my view, it was clearly established law under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that testimonial statements may implicate the protections of the Sixth Amendment, even if they do not directly inculpate or expressly implicate the defendant. The critical inquiry under Crawford focuses on whether a declarant could have objectively perceived that the primary purpose of his or her statement was for use in a criminal investigation or prosecution— irrespective of whether that statement could incriminate the defendant. See 541 U.S. at 51, 124 S.Ct. 1354 (discussing “[v]arious formulations of this core class of ‘testimonial’ statements”); see also Davis v. Washington, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) (noting that statements made “in response to police interrogation” are “testimonial when the circumstances objectively indicate ... that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution”); United States v. Smalls, 605 F.3d 765, 778 (10th Cir.2010) (“Synthesizing Crawford and Davis, we might today formulate a definition of a testimonial statement which reads: a formal declaration made by the declarant that, when objectively considered, indicates the primary purpose for which the declaration was made was that of establishing or proving some fact potentially relevant to a criminal prosecution.”).
Therefore, the OCCA unreasonably interpreted Crawford, when it held: “Crawford did not change the principle recognized in Bruton that a codefendant’s statements must directly inculpate the defendant before a confrontation clause violation occurs.” R., Vol. 1, at 312 (Order Affirm. Den. of Appl. for Post-Conviction Relief, dated Oct. 7, 2010). In effect, in rejecting Mr. Gregor’s distinct Crawford claim, the OCCA rendered the rule of Crawford conterminous with that of Bruton, and concluded that if, as it had previously held, the latter was not violated, then neither could the former have been. However, this reading of Crawford defies logic because Bruton arises in the narrow context of joint trials of co-defendants and is predicated on the Confrontation Clause principles of Crawford; it cannot be read to delimit Crawford’s scope. See, e.g., Smalls, 605 F.3d at 768 n. 2 (“[T]he Bruton rule, like the Confrontation Clause upon which it is premised, does not apply to nontestimonial hearsay statements.” (emphasis added)); see also United States v. Johnson, 581 F.3d 320, 326 (6th Cir.2009) (noting that “the Bruton rule guards against a risk that arises in joint trials”).
Nonetheless, in my view, the OCCA still reasonably concluded under Strickland that Mr. Gregor’s appellate counsel was not constitutionally ineffective for failing *713 to present a Crawford claim because such a claim would have been without merit. In his supplemental brief before the district court, Mr. Gregor focused his Crawford arguments on the testimony of co-defendant Rackley. I agree with the district court (as well as the magistrate judge) that co-defendant Rackley’s statements were “clearly testimonial” under Crawford. R., Vol. 1, at 871 n. 3 (Dist. Ct. Order, dated Sept. 8, 2011). However, when statements are not admitted for a hearsay purpose (i.e., to prove the truth of the matter asserted), they do not fall within the protective ambit of Crawford. See 541 U.S. at 59 n. 9, 124 S.Ct. 1354 (noting that the Confrontation Clause “does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted”); see also United States v. Pablo, 625 F.3d 1285, 1291 (10th Cir.2010) (“A defendant’s confrontation rights are implicated by the admission of testimonial statements against him, however, only when they are admitted to establish the truth of the matter asserted in the statement.”). As the State has repeatedly asserted in this litigation, the co-defendants’ statements “were not offered to establish the truth of what the co-defendants said,” R., Vol. 1, at 254 (Resp. to Suppl. Br. of Pet’r, dated Nov. 19, 2010), and, in particular, co-defendant Rackley’s statements were “offered only to show that the statements were made, and that they were inconsistent,” id. Accordingly, the admission of those statements — in particular, co-defendant Rackley’s statements — did not implicate the protections of Crawford and, consequently, Mr. Gregor’s appellate counsel could not be deemed constitutionally ineffective for failing to assert a Crawford claim. The OCCA’s rejection of Mr. Gregor’s claim for ineffective assistance of appellate counsel was thus not an unreasonable application of Strickland, and reasonable jurists could not debate this outcome. Accordingly, on this claim, I would deny Mr. Gregor a COA.